UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARIS FULLER,<br>    Petitioner,<br>v.<br>W. L. MUNIZ,<br>    Respondent. | Case No. 18-cv-06379-PJH<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br>Re: Dkt. No. 7 |

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has also filed a motion to proceed in forma pauperis.

## BACKGROUND

Petitioner was sentenced to 40 years to life in prison after being found guilty of kidnapping and assault with intent to commit rape. *People v. Fuller*, No. A1433419, 2017 WL 1131822, at *6 (Cal. Ct. App. March 27, 2017). His appeals were denied by the California Court of Appeal and California Supreme Court. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner alleges that: 1) the trial court erred in overruling objections to the prosecutor's peremptory challenges to African-American jurors; 2) there was insufficient evidence to support the conviction for aggravated kidnapping; 3) the trial court erred by failing to instruct the jury about a petitioner's reasonable but mistaken belief in consent to rape could be a defense to the uncharged prior bad act; and 4) the trial court erred by not instructing the jury regarding petitioner's unrecorded out of court statement to police. Liberally construed, these claims are sufficient to proceed.[1]

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 7) is **GRANTED**.

2. The clerk shall serve by regular mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

---

[1] The court has not included claims presented to the California Court of Appeal that were nor presented to the California Supreme Court because these claims are unexhausted, and petitioner has not indicated that he filed a habeas petition that exhausted the claims.

2

should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 15, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARIS FULLER,<br><br>        Plaintiff,<br><br>    v.<br><br>W. L. MUNIZ,<br><br>        Defendant. | Case No. 18-cv-06379-PJH<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 11/15/2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lazaris Fuller ID: V-63760
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: 11/15/2018

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        *Kelly Collins*
                                        _____
                                        Kelly Collins, Deputy Clerk to the
                                        Honorable PHYLLIS J. HAMILTON